IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KARLA D. McKNIGHT**                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.** 1:21cv139-SA-DAS

**RENASANT BANK**                                          **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover damages for violation of the Americans with Disabilities Act Amendments Act. The following facts support the action:

1.

Plaintiff KARLA D. McKNIGHT is an adult resident citizen of Pontotoc County, Mississippi.

2.

Defendant RENASANT BANK is a Mississippi corporation with approximately 2,700 employees. Defendant may be served with process upon its registered agent, Steve Corban, at 209 Troy Street, Tupelo, Mississippi 38804.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, to recover damages for violations of the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et. seq.*

4.

Defendant is an employer within the meaning of the Americans with Disabilities Act Amendments Act, having 2,700 employees over multiple states.

00360132.WPD

5.

Plaintiff has an extensive work history in payroll. Plaintiff's former employer shut down because of extensive COVID-19 outbreaks, and Plaintiff was unaware of whether the company would reopen. Accordingly, Plaintiff applied for and accepted a position for which she was highly qualified, a senior payroll assistant for Defendant.

6.

While Plaintiff was working for Defendant, Plaintiff's husband contracted COVID-19, and she was required to take medical leave to care for her husband beginning on July 15, 2020, such leave was required by Defendant. While Plaintiff was on medical leave, Plaintiff herself contracted COVID-19 and was hospitalized in intensive care for five (5) days. Plaintiff was admitted to intensive care due to severe lung problems. During the time of her hospitalization, Plaintiff was unable to perform any ordinary life activities. Plaintiff was treated for COVID-19 and related pneumonia.

7.

Upon receipt of a negative COVID-19 test, Plaintiff returned to work on August 10, 2020.

8.

Less than two (2) weeks later, Plaintiff was given an unsatisfactory performance review and discharged on September 9, 2020.

9.

Plaintiff had no complaints about her work performance before she took COVID-19-related leave. After Plaintiff returned to work after taking COVID-19-related leave, her immediate supervisor, Sides began to make nitpicking complaints about Plaintiff's work. Sides, however, never had complaints about Plaintiff's work before Plaintiff had take COVID-19 leave.

10.

Plaintiff's COVID-19 hospitalization and related pneumonia precluded Plaintiff from performing any of the ordinary life activities for a short period of time. Plaintiff's inability to perform any type of activity for a short period of time means that she had a record of having had a disability. Additionally, it appears that some persons have permanent adverse effects from COVID-19. No one yet knows whether Plaintiff will suffer long-term harm. Plaintiff will have permanent harm in the sense she will always worry about whether her symptoms will return.

11.

Based upon the comments that Defendant's agent Sides made concerning Plaintiff's missing work on Plaintiff's evaluation, at a time when Defendant knew all of the missed work was due to COVID-19, Defendant regarded Plaintiff as having a disability.

12.

In response to the EEOC charge, Defendant claims that it has continued to employ many other employees who contracted COVID-19. This may be true, but is irrelevant since Plaintiff's supervisor, Sides, is the individual who caused Plaintiff's discharge.

13.

Plaintiff was discharged in violation of the Americans with Disabilities Act.

14.

Plaintiff was unable to obtain employment for a period of approximately six (6) months.

15.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

16.

Plaintiff is entitled to actual damages for lost income and mental anxiety and stress.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 2nd day of September, 2021.

                KARLA D. McKNIGHT, Plaintiff

By:   */s/ Jim Waide*
        Jim Waide
        Mississippi Bar No. 6857
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street
        Tupelo, MS 38804-3955
        Post Office Box 1357
        Tupelo, MS 38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile
        Email:  waide@waidelaw.com

        Attorneys for Plaintiff

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **KARLA D. McKNIGHT**, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing **COMPLAINT** are true and correct as stated therein.

_____
KARLA D. McKNIGHT

GIVEN under my hand and official seal of office on this the 2nd day of Sept, 2021.

_____
NOTARY PUBLIC

My Commission Expires: 11-15-21